S. CHARLES WELSH, AS TRUSTEE, ETC., APPELLANT, *v.* HENRY SCHOEN AND OTHERS, DEFENDANTS.

LOUIS ETTLINGER, PURCHASER, RESPONDENT.

*Notice of* lis pendens — *right of one in possession under an unrecorded deed.*

The provisions of section 1671 of the Code of Civil Procedure, to the effect that a person, whose conveyance or incumbrance is executed or recorded after the filing of the complaint and the notice of the pendency of the action of foreclosure, shall be bound by all proceedings taken in the action after the filing of the notice, to the same extent as if he was a party to the action, includes only the class of cases where no more has been done than the making and delivery of the conveyance or incumbrance.

Such provisions do not extend to a case where the purchaser or incumbrancer has, in fact, prior to the filing of the notice of pendency of action, become possessed of the premises.

Such possession is notice, as complete as the recording of the instrument itself would be, to all persons dealing with or proceeding against the property.

APPEAL by the plaintiff S. Charles Welsh, as trustee, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 17th day of December, 1890, relieving the purchaser of the mortgaged premises, described in the complaint and judgment in the above-entitled action, from his purchase thereof at a sale under a foreclosure of a mortgage, and from every part of said order, except so much thereof as directs that proceedings thereunder be stayed as therein set forth.

The order appealed from also directed the repayment to the purchaser of the sum of $1,180, paid upon the purchase-price, with the interest thereon, together with exchange and auctioneer's fees, the expenses of searching and examining the title, and for referee's fees, with the costs of the motion.

*Gratz Nathan,* for the appellant.

*John B. Talmage,* for the respondent.

DANIELS, J.:

This action was for the foreclosure of a mortgage upon the premises in question. It was commenced by the service of the summons in February, 1890. The original notice of the pendency of

the action was filed with the complaint on the eighth of March following, and on the 14th of April, 1890, an amended notice was also filed. When the suit was commenced Leah Diamond appeared by the record to be the owner of the land incumbered by the mortgage. But she had, in fact, executed and delivered a deed of the property to Mary T. Stephens on the 17th day of December, 1889. And she also executed a deed on the 30th day of January, 1890, to Charles Giesmeyer, which was delivered on or about the fifteenth of April of the same year, the grantor in this deed remaining during that interval of time in the possession of the premises and collecting the rent. The parties to the last deed joined in a lease to George A. Marz on the 14th of February, 1890, by which they leased and demised to him the store and back-rooms and three rooms of the second floor of the building on the land, for the term commencing on the day of the date of the lease and continuing to the 1st of May, 1892, and he went into possession on the 1st of March, 1890, and has since remained in possession under this lease. Neither of these three persons was made a party to the action to foreclose the mortgage, and under the judgment in which the sale was made. And the court held that to be such a defect in the title as entitled the purchaser to be relieved from his contract of purchase.

The correctness of this decision has been denied under the language of section 1671 of the Code of Civil Procedure. That section has provided that a person whose conveyance or incumbrance, has been executed or recorded after the filing of the complaint and the notice of the pendency of the action of foreclosure, shall be bound by all the proceedings in the action to the same extent as if he was a party to the action. But this effect has been given to the filing of the notice solely on the existence and the omission to record the preceding conveyance or incumbrance. It includes only the class of cases where no more has been done than the making and delivery of the conveyance or incumbrance. To bring the case within this section the case must extend no further than the execution and delivery of the instruments mentioned. That is the language, as well as the plain significance of it, as it has been employed in this section. Its object was to protect the party prosecuting his action against conveyances and incumbrances, of which he ordinarily could have no knowledge or information on account of their absence from the record. And

it would violate this intention to extend the provision to a case where the purchaser or incumbrancer had, in fact, become possessed of the premises. For that possession is notice, as complete as the recording of the instrument itself would be, to all persons dealing with or proceeding against the property. It has been uniformly held to be the equivalent of notice resulting from the recording of the conveyance or incumbrance. And it has been so, in effect, declared by the case of *Phelan* v. *Brady* (119 N. Y., 587).

Through this possession the plaintiff became chargeable with notice of the title of Mary T. Stephens and of the tenant in the occupancy of a considerable part of the property under the lease of herself and her grantee to him. And he could not be removed and possession given to the purchaser, by any proceeding in the action, because of the omission to join him as a defendant in the action. (*Hirsch* v. *Livingston*, 3 Hun, 9.) What the purchaser was entitled to demand under the terms of his purchase was a complete title to the property, together with an immediate right of possession. That he did not and could not obtain. And for want of that he was entitled to be discharged from his purchase and to be otherwise indemnified, as that has been directed by the order. The order should, therefore, be affirmed, with ten dollars costs and the disbursements.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.