VAN DYCK FOODS, INC., Appellant, *v.* THE DIME SAVINGS BANK OF BROOKLYN, Respondent.

First Department, February 18, 1938.

*Samuel Friedlander*, for the appellant.

*Denis M. Hurley* of counsel [*James J. Manogue* and *Anthony Curreri* with him on the brief; *Hutton & Holahan*, attorneys], for the respondent.

PER CURIAM. Possession of the premises by Wil-Lip Lunch, Inc., though under a series of unrecorded instruments, was sufficient to put the defendant upon inquiry as to the nature of the tenancy. (*Phelan* v. *Brady*, 119 N. Y. 587; *Marden* v. *Dorthy*, 160 id. 39.) That principle, however, is subject to the rule that third persons are protected against such an unrecorded interest which proper inquiry has failed to reveal. (*Williamson* v. *Brown*, 15 N. Y. 354; *Cook* v. *Travis*, 20 id. 400; *Reed* v. *Gannon*, 50 id. 345; *Staples* v. *Fenton*, 5 Hun, 172.) We think the facts within the defendant's knowledge together with the inquiries made justified the defendant in concluding that Wil-Lip Lunch, Inc., was in possession under an assignment of the lease, which divested the plaintiff of any interest in the premises. This conclusion was warranted by the owner's letter to the defendant of June 22, 1934, which referred to the lease to the plaintiff as " assigned to Wil-Lip Lunch, Inc.," and by the fact that Wil-Lip Lunch, Inc., was paying the rent directly to the defendant as assignee of the rent instead of to the plaintiff. It was also confirmed by inquiry made at the premises and especially by information received from the president of Wil-Lip Lunch, Inc., to the effect " that the Wil-Lip was in possession and that the old people, Kessler and Gordon, who were trading as Van Dyck, were no longer on the premises."

The judgment should be affirmed, with costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment unanimously affirmed, with costs.