Harold J. Hughes, J.
This is a motion by plaintiff for summary judgment directing specific performance of his contract for the purchase of real property. The interpleaded defendants, John E. and Dorothy M. Murphy, have also moved for summary judgment for specific performance of their contract for the purchase of the same property.
Plaintiff and the defendant Ruth Rosenblum entered into a contract dated June 28, 1974 whereby plaintiff was to purchase defendant’s house in the City of Cohoes for the agreed price of $45,000. The closing was to take place on or about October 1, 1974, but the contract was contingent upon the purchaser obtaining a mortgage of $35,000. The closing did not take place because of the purchaser’s inability to obtain financing. On December 28, 1974 the plaintiff was served with a summons and complaint commencing an action by the seller, Ruth Rosenblum, for specific performance. Thereafter, negotiations were undertaken to attempt to find a satisfactory solution to the problem. When no apparent progress had been made, Mrs. Rosenblum was able to find another buyer and on May 13, 1975 she signed a contract for the sale of her home with Mr. and Mrs. Murphy for a price of $42,500. It is undisputed that at the time they signed the contract, the Murphys had no knowledge of Mr. La Marche’s contract or of his interest in the property.
On May 26, 1975 a private investigator contacted Mr. La Marche, tendered to him a deed to the property and demanded the balance of the contract price, $44,500. The investigator was sent at the direction of Mrs. Rosenblum’s attorney who states in his affidavit that it was a case of a "left hand not knowing what the right was doing.”
In any event, Mr. La Marche was not able to pay the $44,500 at that time and the investigator left with the deed. Shortly thereafter, Mr. La Marche ascertained that he probably would be able to obtain financing for the purchase of the house and on May 30, 1975 he commenced an action against Mrs. Rosenblum for specific performance and filed a lis pen-dens in the Albany County Clerk’s office. On June 10, 1975 Mr. La Marche obtained bank approval for a mortgage. On July 2, 1975 the contract between Mrs. Rosenblum and the Murphys was acknowledged and recorded in the Albany County Clerk’s office.
The following essential facts are undisputed: (1) that at the time they entered into their contract, the Murphys had nei *1048 ther actual nor constructive knowledge of the La Marche contract; (2) that the Murphy contract was the only one duly recorded in the County Clerk’s office pursuant to subdivision 3 of section 294 of the Real Property Law.
That statute provides, as pertinent herein, that every executory contract for the sale, purchase or exchange of real property not recorded as provided therein, shall be void as against any person who subsequently purchases or acquires by exchange or contracts to purchase the same property in good faith and for a valuable consideration from the same vendor and whose conveyance or contract is first duly recorded.
The plaintiff, in his memorandum of law seeks to establish by reference to the history of the statute and other means that the recording of the Murphy contract did not affect plaintiff’s right to specific performance. Where, as here, however, the words of the statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation (State Farm Mut. Auto Ins. Co. v Westlake, 35 NY2d 587, 592; McKinney’s Cons. Laws of N.Y., Book 1, Statutes, § 76). Under the plain wording of the statute, the La Marche contract is void as against the Murphys. The court finds as a matter of law that the Murphys contracted in good faith for the purchase of the property. The statute does not specify that the subsequent contract vendees must have good faith (i.e., lack of knowledge of a prior contract) at the time they receive the deed or even at the time they record their contract. The statute merely specifies that they "contract” in good faith and this they did. The filing of the lis pendens by plaintiff on May 30, 1975 cannot in anywise vitiate the plain mandate of section 294.
The only case which appears to be at variance with the conclusion reached by this court is Pollack v Viele (273 App Div 871, affd 298 NY 670). In that case Pollack on August 7, 1944 contracted with Viele to buy an apartment house for $20,000. Viele did not have title at the time of the contract; title was in a corporation in which Viele had an interest. The property was in the process of foreclosure by the City of Yonkers.
On November 16, 1944 Viele and one During contracted with the city to purchase the property for $7,500. Thereafter Viele assigned her interest in the contract to During and During received title to the property from the city. On August *1049 24, 1945 During entered into a contract with Harper for the sale of the premises for $28,500. This contract was recorded by Harper. After the making of the contract but before the delivery of the deed to Harper, Pollack filed a notice of pendency and commenced an action for specific performance. It was undisputed that Harper did not know of the first contract at the time he entered into his contract, but he did have knowledge of Pollack’s interest when he accepted a deed from During. Harper was made a party to the action for specific performance and the lower court granted Pollack specific performance against Harper.
On appeal, the appellant Harper argued, inter alia, that since he recorded his contract without notice of the existence of Pollack’s prior unrecorded contract, he should prevail under section 294 of the Real Property Law. Pollack argued that the recording act did not help Harper because he and Pollack were not purchasers "from the same vendor,” as required by the statute. The Appellate Division agreed and it was upon this basis that it affirmed the lower court. Since the recording act was deemed inapplicable, the court applied the common-law rule and found Harper had actual knowledge of Pollack’s contract before acceptance of the conveyance under his contract and, thus, Harper was not a bona fide purchaser as to Pollack.
It is clear that the court’s decision in the present case is not inconsistent with Pollack v Viele (273 App Div 871, affd 298 NY 670, supra).
Defendant is entitled to summary judgment dismissing plaintiffs complaint and the interpleaded defendants are entitled to summary judgment granting them specific performance of their contract; all without costs.