■ ALFRED F. LA MARCHE, Appellant, v RUTH ROSENBLUM, Defendant and Interpleading Plaintiff-Respondent. JOHN E. MURPHY et al., Interpleaded Defendants-Respondents.—Appeal from an order of the Supreme Court at Special Term, entered August 15, 1975 in Albany County, which denied plaintiff's motion for summary judgment; ordered defendant summary judgment dismissing plaintiff's complaint; and granted interpleaded-defendant's motion for summary judgment directing specific performance. The facts of this case are not in serious dispute, the sole question being whether the interest in certain real property held by the Murphys is superior to that interest held by La Marche. On June 28, 1974 La Marche contracted with the defendant Rosenblum to purchase the latter's residential property in Albany County with the closing date set for October 1, 1974. When title did not then pass, Rosenblum sued La Marche for specific performance, but the present status of that action does not appear in this record. In any event, Rosenblum contracted to sell the same property to the Murphys on May 13, 1975, they being unaware of any prior dealings between Rosenblum and La Marche. When La Marche thereafter learned of this subsequent contract with the Murphys, he commenced the instant action for specific performance and filed a notice of pendency on May 30, 1975. Finally, the Murphys caused their contract with Rosenblum to be recorded in the Albany County Clerk's office on July 2, 1975, although it is unclear when they first learned of La Marche's interest in the property. Rosenblum interpleaded the Murphys as defendants in this action. Special Term properly found that La Marche's executory contract was void as against the similar interest first duly recorded by the Murphys pursuant to the explicit language of subdivision 3 of section 294 of the Real Property Law. La Marche's contention that the "good faith" requirement of that provision applies equally to the time of recordation is without merit. Having failed to avail himself of that statute, La Marche may not now be heard to argue that his filing of a notice of pendency serves as a substitute therefor and affords him the same protection since such notices have as their general object the preservation of existing property rights during litigation (cf. *Israelson v Bradley,* 308 NY 511, 516), and do not affect the merit of those interests. The mere filing of a notice of pendency will not suffice to permit its holder to prevail over a prior unrecorded interest of which he has knowledge (cf. 7 A Weinstein-Korn-Miller, NY Civ Prac, par 6501.12; see, also, *Welsh v Schoen,* 59 Hun 356). Accordingly, since La Marche sued only

for specific performance to which he is not entitled, Special Term correctly dismissed his action and canceled his notice of pendency. Partial summary judgment in favor of the Murphys on their claim for specific performance was likewise properly ordered in the absence of any factual dispute raised by Rosenblum in opposition thereto. We decide no other issues. Order affirmed, with costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur. [82 Misc 2d 1046.]