■ W.I.L.D. W.A.T.E.R.S., Ltd., Respondent, v EMANUEL J. MARTINEZ, Defendant, and MARY V. NELSON, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered May 31, 1988 in Warren County, which, *inter alia,* granted plaintiff's motion for a preliminary injunction.

Plaintiff rented premises in Lake Luzerne, Warren County, for the three-month period between June 15, 1987 and September 15, 1987 from defendant Emanuel J. Martinez. Subject to conditions not relevant here, the lease gave plaintiff the right of first refusal both to lease the property for the same period in 1988 and to purchase it within one year of the commencement of the lease, that is, by June 15, 1988. On April 2, 1988, Martinez contracted to sell the subject premises to defendant Mary V. Nelson. Plaintiff's president, Douglas R. Azaert, asserts that he was not informed that Nelson desired to purchase the premises until April 11 or 12, 1988, whereupon he likewise expressed his interest in purchasing the property. Azaert claims he was not made aware that Nelson had purchased the property until after Nelson and Martinez had closed the transaction on April 22, 1988.

Shortly thereafter, plaintiff commenced this action for specific performance, related injunctive relief and damages, and, by order to show cause, moved for a temporary restraining

order and a preliminary injunction enjoining defendants from transferring, altering or destroying the premises. Supreme Court granted the temporary restraining order, directed service be made on defendants by May 9, 1988, and set May 13, 1988 as the return date. In its brief, counsel for Nelson represents that papers in opposition were submitted to the court as well as to plaintiff's counsel on the return date, immediately prior to the hearing, but that they were rejected as untimely. Supreme Court, treating the motion as unopposed, (1) granted the preliminary injunction, (2) enjoined Nelson from transferring, altering or destroying the premises, (3) awarded plaintiff possession, (4) ordered that plaintiff's rental payments be deposited into an escrow account, (5) restored plaintiff's option to purchase the premises, and (6) pending the outcome of the litigation, had the proceeds of the sale of the premises realized by Martinez placed in a constructive trust for the benefit of plaintiff. Nelson appeals; we reverse.

Although there is no indication in the record when Nelson served her opposing papers on plaintiff and the court, plaintiff has chosen not to submit a brief, leaving uncontroverted Nelson's characterization of what occurred at the hearing on the show cause order, viz., that her papers were refused at that time as being untimely (see, Matter of Faith AA., 139 AD2d 22, 26). Since this motion was brought on by order to show cause and there was no court direction limiting the time when answering papers were to be filed, such papers could be furnished up to the time of argument or submission of the motion (CPLR 2214 [d]; 22 NYCRR 202.8 [c]). Even if this had been a motion on notice, Nelson would not have been obliged to answer prior to the return date because she received only seven days' notice (see, CPLR 2214 [b]), having been served with the moving papers on May 6, 1988.

Had Supreme Court considered the opposing papers, which include affidavits from Nelson and her attorney denying both actual and constructive notice of plaintiff's right of first refusal to purchase the property in question together with an affidavit from the vice-president of a title company averring that a title search, made as of the date and time of the closing, revealed that no lease agreement, option to purchase or right of first refusal had been filed in the Warren County Clerk's office, a preliminary injunction would undoubtedly have been found inappropriate inasmuch as plaintiff is unlikely to succeed on the merits (see, Anthony F. Wasilkowski, M.D., P. C. v Amsterdam Mem. Hosp., 92 AD2d 1016, 1017),

given that absent recordation of plaintiff's lease Nelson is a good-faith purchaser for value without notice, rendering plaintiff's right of first refusal void as against her (Real Property Law § 290 [3]; §§ 291, 294 [3]; *see, La Marche v Rosenblum,* 82 Misc 2d 1046, *affd* 50 AD2d 636; *cf., Loika v Howard,* 103 AD2d 874, 875).

Parenthetically, we note that since it was not demanded in the order to show cause and yet substantially prejudiced Nelson, the relief specified in the third, fourth and fifth ordering paragraphs is, on the record before us, indefensibly gratuitous *(see, De Pan v First Natl. Bank,* 98 AD2d 885, 886). Furthermore, granting plaintiff a preliminary injunction without requiring the posting of an undertaking was also error (CPLR 6312 [b]; *see, Honeywell, Inc. v Technical Bldg. Servs.,* 103 AD2d 433, 434, n 1).

Order reversed, on the law and the facts, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.