■ W.I.L.D. W.A.T.E.R.S., Ltd., Respondent, v Emanuel J. Martinez, Defendant, and Mary V. Nelson, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Dier, J.), entered September 1, 1988 in Warren County, which, inter alia, denied defendant Mary V. Nelson's cross motion for summary judgment dismissing the complaint against her.

This matter was previously before us (148 AD2d 847), wherein we reversed the grant of a preliminary injunction to plaintiff. Now there are two discrete issues to be resolved in this appeal: (1) did Supreme Court properly dismiss defendant Mary V. Nelson's counterclaim for abuse of legal process, and (2) did Supreme Court err in refusing to grant Nelson's motion for summary judgment dismissing the complaint against her.

Initially, we note that, although Nelson alleged the tort of "abuse of legal process" in her counterclaim, she refers alternatively in her argument on appeal to abuse of process and malicious prosecution. These are two separate and distinct causes of action. Since no malice is alleged in the complaint, we conclude that this error was inadvertent.

Abuse of process is the misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process (see, Curiano v Suozzi, 63 NY2d 113, 116). In the instant case, Nelson alleges that plaintiff acted improperly in seeking a temporary restraining order and preliminary injunc-

tion against her which were subsequently vacated by this court (148 AD2d 847, *supra*). There is no allegation in Nelson's counterclaim that plaintiff sought to obtain some collateral advantage over Nelson or corresponding detriment to Nelson which was outside the legitimate end of process by the proceeding, a required prerequisite of the tort of abuse of process (*see, Hornstein v Wolf*, 109 AD2d 129, 133). In fact, the record is to the contrary. Plaintiff sought the restraining order and preliminary injunction for a legitimate purpose, to prevent Nelson from razing the property and frustrating plaintiff's alleged entitlement to lease the property or to exercise its right of first refusal to purchase it. Nelson has failed to allege how process was improperly used after it was issued. The counterclaim was thus properly dismissed.

With regard to Nelson's cross motion, Nelson sought summary judgment dismissing the complaint against her for specific performance of the lease agreement. As affirmative defenses in her answer, Nelson alleged that she was a good-faith purchaser of the property for value, that she had no notice of plaintiff's alleged rights in the property, that she duly recorded her deed, that plaintiff's lease was unrecorded, that plaintiff has an adequate remedy at law against defendant Emanuel J. Martinez, the seller, and that plaintiff was guilty of laches in enforcing its rights. In reply to Nelson's cross motion, plaintiff did not deny that its lease was unrecorded, that Nelson purchased the property for valuable consideration or that Nelson did not have actual notice of plaintiff's alleged rights to purchase the property. Plaintiff's argument thus hinges on its contention that Nelson had a duty to inquire as to plaintiff's rights based on the fact that Nelson lived next door to the property, that Nelson had knowledge that plaintiff had rented the property the previous summer, and, though the building was empty, a sign with plaintiff's name left painted on the windows of the property should have compelled Nelson to make reasonable inquiry as to plaintiff's tenancy.

Accepting plaintiff's statement of facts as the operative ones, we need to inquire as to whether plaintiff has raised a question of fact as to Nelson's contention that she was a good-faith purchaser of the property. Plaintiff's 1987 summer tenancy was its first. The building stood empty for some seven months. Plaintiff urges that its sign on the empty building alone required an inquiry from Nelson. This is contradicted by *Brown v Volkening* (64 NY 76, 83), where the Court of Appeals held that inquiry notice is imputed to a purchaser where

it is reasonable and just from visible facts *(see also, Schenectady Sav. Bank v Wertheim,* 237 App Div 311). Where, as here, we have an unoccupied building and no recurrent tenancy which would have piqued Nelson's interest, with merely a sign indicating a long-gone business, there are insufficient facts to require inquiry by the purchaser as a matter of law. Therefore, plaintiff has failed to raise a question of fact in support of its theory that Nelson was not a bona fide purchaser. Summary judgment should therefore be granted to Nelson.

Order modified, on the law, without costs, by reversing so much thereof as denied the cross motion; cross motion granted and complaint dismissed against defendant Mary V. Nelson; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.