■ PHILIPPINE AMERICAN LACE CORP., Respondent, v 236 WEST 40TH STREET CORP., Appellant, et al., Defendants. [822 NYS2d 25]—

Order and judgment (one paper), Supreme Court, New York

County (Walter B. Tolub, J.), entered February 9, 2005, which, following a nonjury trial before the Honorable Paula J. Omansky, declared, inter alia, that plaintiff is the rightful owner of the property located at 236 West 40th Street in Manhattan, pursuant to a right of first refusal, and directed that plaintiff pay defendant 236 West the purchase price plus interest, unanimously reversed, on the law and the facts, without costs, 236 West's counterclaim granted and a declaration made that it is the owner of the premises, plaintiff's complaint dismissed, and the matter remanded to the trial court for further proceedings to calculate the amount of rent or use and occupancy owed by plaintiff to 236 West.

The record contradicts the trial court's determination that defendant purchaser 236 West had constructive notice of plaintiff tenant's right of first refusal for the premises located at 236 West 40th Street, which plaintiff partially leased for several years. It is uncontested that plaintiff's right of first refusal was never recorded. In addition, 236 West conducted a title search prior to purchasing the property, and on the day of the closing, the owner submitted a sworn affidavit specifically stating that there were no options to purchase or any rights of first refusal pursuant to any existing leases or separate agreements. Moreover, 236 West requested and received copies of plaintiff's leases, none of which contained a right of first refusal. 236 West's contention that the leases received did not include any right of first refusal is consistent with the results of the title search and the testimony of the prior owner that he deliberately offered plaintiff terms of sale he knew would not be accepted.

Plaintiff's tenancy gave rise to an inquiry by 236 West (*see Brown v Volkening*, 64 NY 76, 82-83 [1876]; *W.I.L.D. W.A.-T.E.R.S. v Martinez*, 152 AD2d 799 [1989]), which 236 West pursued. However, under these circumstances, where the owner deliberately interfered with tenant's right of first refusal and where plaintiff did not protect itself by recording the lease, it is reasonable to conclude that 236 West did as much as reasonably expected in order to ascertain whether plaintiff had a right of first refusal (*see Van Dyck Foods, Inc. v Dime Sav. Bank of Brooklyn*, 253 App Div 347 [1938], *lv denied* 278 NY 742 [1938]). Indeed, there was no reason for 236 West to believe, based on the information it had, that plaintiff had a right of first refusal.

While not dispositive, we also find that a fair interpretation of the evidence (*see RHM Estates v Hampshire*, 18 AD3d 326 [2005]) does not support the factfinder's conclusion that plaintiff received notice of 236 West's ownership on January 5, 2001, when 236 West forwarded a new lease to plaintiff. Rather, even

despite the owner's efforts to obfuscate the truth of the conveyance, plaintiff should have been aware that the premises had a new owner at least as of February 2000, when it was served with a three-day notice, demanding payment of rent, which listed 236 West as the landlord. For the next 18 months, plaintiff did not challenge 236 West's ownership or assert its right of first refusal.

Laches is an unreasonable delay by a plaintiff that prejudices a defendant (*see Weiss v Mayflower Doughnut Corp.*, 1 NY2d 310, 318 [1956]). Because the effect of delay may be critical to an adverse party, "delays of even under a year have been held sufficient to establish laches" (*Matter of Schulz v State of New York*, 81 NY2d 336, 348 [1993]; *see also Matter of Pardesi v Schembri*, 245 AD2d 204 [1997] [claim barred by laches where delay of more than one year]; *90-92 Wadsworth Ave. Tenants Assn. v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 227 AD2d 331 [1996, as amended by unpublished order in 1997] [claim barred where delay of almost 1½ years]).

Here, plaintiff knew or should have known of the ownership status for at least 18 months before commencing this action and first asserting its right of first refusal. During that period, 236 West made improvements to the building, paid all insurance, taxes and operating expenses. If plaintiff were to prevail, 236 West would lose its investment in the building and, further, might not be entirely compensated by the judgment amount.

In light of the above, we need not reach 236 West's remaining contentions. Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ.