■ HAIM YUZARY, Appellant, v WCP WIRELESS LEASE SUBSIDIARY LLC et al., Defendants, and FANNIE MAE et al., Respondents. [943 NYS2d 466]—

Order, Supreme Court, Bronx County (Mary Brigantti-Hughes, J.), entered March 28, 2011, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment and granted that portion of defendant Fannie Mae's cross motion for summary judgment seeking to restrict plaintiff's mortgage to a one-quarter interest in the mortgaged property and to declare Fannie Mae's mortgage superior, unanimously modified, on the law, to so declare, and otherwise affirmed, with costs.

Plaintiff failed to establish his entitlement to summary judgment since the maturity date of the mortgage and note at issue was February 15, 1992 and his submissions raised questions of fact as to whether this action for foreclosure was timely commenced (CPLR 213 [4]; *see CDR Créances S.A. v Euro-American Lodging Corp.*, 43 AD3d 45, 51 [2007]).

The motion court properly declined to dismiss the affirmative defenses alleging that plaintiff's action is based on forged documents. The submissions in this regard raise an issue of fact as to whether the signature on a letter purporting to extend the mortgage term was, in fact, forged (*see Seaboard Sur. Co. v Earthline Corp.*, 262 AD2d 253 [1999]; cf. *Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383-384 [2004]).

The motion court also properly found that Fannie Mae's mortgage has priority over plaintiff's mortgage. Plaintiff's mortgage had, from all appearances, reached its maturity date 14 years before Fannie Mae acquired its mortgage. Thus, any foreclosure action would have been time-barred as of February 14, 1998 (CPLR 213 [4]). Moreover, even assuming that the letter purporting to extend the mortgage term was genuine, it was

never recorded, and therefore is not effective against Fannie Mae, which is a bona fide encumbrancer with no notice of the purported extension (Real Property Law § 291; *Bergenfeld v Midas Collections*, 38 AD2d 939, 939-940 [1972]; *Weideman v Zielinska*, 102 App Div 163, 165-166 [1905]).

The motion court properly found that, at best, plaintiff is limited to a one-quarter interest in the mortgaged property (*see CitiFinancial Co. [DE] v McKinney*, 27 AD3d 224, 226-227 [2006]), subordinate to the Fannie Mae mortgage.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Catterson, Renwick and Román, JJ.