Bank of New York v Terrapin Indus., LLC (2020 NY Slip Op 07705)





Bank of New York v Terrapin Indus., LLC


2020 NY Slip Op 07705


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 850121/16 103643/08 Appeal No. 12714-12714A Case No. 2019-5285 

[*1]The Bank of New York, etc., Plaintiff-Appellant,
v
Terrapin Industries, LLC, et al., Defendants, KBS Sheapshead Bay, LLC, Defendant-Respondent.
KBS Sheapshead Bay, LLC, Plaintiff-Respondent-Appellant,
v
Terrapin design Group LLC, et al., Defendants, Bank of New York, etc., Defendant-Appellant-Respondent.


Akerman LLP, New York (Ashley Sparrow Miller of counsel), for appellant.
Ganfer Shore Leeds & Zauderer LLP, New York (Mark A. Berman of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 14, 2019 (Index N0. 850121/16), which, as limited by the briefs, denied the cross motion of defendant The Bank of New York (BNY), as trustee for the benefit of the certificateholders, CWALT, Inc., Alternative Loan Trust 2007-HY4 Mortgage Passthrough Certificates, Series 2007-HY4, for summary judgment dismissing the complaint, and declined to grant plaintiff KBS Sheapshead Bay, LLC's (KBS)
motion for summary judgment on its cause of action seeking a declaratory judgment declaring that KBS's mortgage lien is superior to any mortgage lien BNY has against the same property, unanimously affirmed, with costs. Order, same court and Justice, entered May 13, 2019 (Index No. 103643/08), which, as limited by the briefs, denied plaintiff BNY's motion for summary judgment seeking dismissal of defendant KBS's affirmative defenses of laches and that it was a bona fide encumbrancer, unanimously affirmed, with costs.
The Supreme Court properly concluded that KBS's mortgage lien, recorded in 2015, was superior to any mortgage lien BNY held on a condominium unit at 121 West 15th Street and recorded in 2007.
Regarding BNY's mortgage, on April 9, 2007, Terrapin Industries, LLC (Terrapin) and a lender entered into a $2,720,000 mortgage lien on the condominium unit at issue (the 2007 mortgage). On April 9, 2007, Terrapin's President, Colin D. Rath and his wife, Pamela Harvey-Rath, executed an Extension and Modification Agreement (the EMA) that substituted the Raths for Terrapin as the borrowers of the 2007 mortgage, and restated the principal loan amount of $2,720,000. Terrapin transferred the condominium unit to the Raths. Records show that in 2008, MERS assigned the 2007 Mortgage, "including" the EMA, to BNY, thus treating them as a single lien on the property.
In early 2015, when KBS was conducting its due diligence and investigating title to the property before executing and recording its mortgage, nothing in the public record suggested there was a valid lien on the property. Terrapin had commenced an action that in August 2014, resulted in a default judgment entered against BNY which discharged and cancelled BNY's mortgage. That order was publicly recorded on or about August 21, 2014. As of the closing of the KBS mortgage in early 2015, BNY had not yet moved to vacate that order. In addition, BNY had commenced the instant foreclosure action in March 2008 (Index No. 103643/08), but it had been marked "disposed" as of March 2012. Although BNY's second motion to restore that action was pending in early 2015, while KBS was conducting its due diligence, BNY's notice of pendency had expired, so KBS had no reason to believe a valid lien existed. Moreover, KBS then withdrew that second motion to restore, and then made a third motion only in March 2016, around the time the default judgment against BNY was also vacated.
Based on the above, the court properly applied the equitable doctrine [*2]of laches to BNY's unreasonable delay in vacating a default judgment discharging its prior mortgage on the same property and in restoring its foreclosure action (Philippine Am. Lace Corp. v 236 W. 40th St. Corp., 32 AD3d 782, 784 [1st Dept 2006]; Stein v Doukas, 98 AD3d 1026 [2d Dept 2012]). The court properly concluded that KBS, which closed on its mortgage in February 2015 after investigating and finding no prior valid liens, would be prejudiced by the delay if BNY were deemed to have the superior lien after taking no action, for years, in the foreclosure action or to vacate the default judgment in the Terrapin action (Matter of Linker, 23 AD3d 186, 189 [1st Dept 2005]).
The court also properly concluded that KBS is a bona fide encumbrancer, as nothing in the public record created any issues affecting title when KBS entered into its mortgage, notwithstanding BNY's later successful efforts to vacate the default judgment and restore its foreclosure action (Fleming- Jackson v Fleming, 41 AD3d 175, 176 [1st Dept 2007]; see Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465 [1st Dept 2010]; see also Yuzary v WCP Wireless Lease Subsidiary LLC, 94 AD3d 679, 679 [1st Dept 2012]; Bergenfeld v Midas Collections, 38 AD2d 939 [2d Dept 1972]).
BNY's arguments that the EMA was an independent lien on the property that survived any discharge of the 2007 mortgage, and that has priority over KBS's later recorded mortgage, is unavailing on these facts. No new loan amount was stated or consolidated, and the mortgages ultimately were with the same lender; rather, the loan appears to have been assigned to the Raths when the property was transferred to them. While the EMA might affect BNY's remedies, and who it might collect from, the lien on the property remained the same. Even BNY treated the 2007 mortgage and EMA as one lien in its foreclosure action, which attached the 2007 mortgage instrument as well as the consolidated note pertaining to the EMA, and in its notices of pendency, which referred to both instruments.
Finally, KBS's cross appeal challenges the court's failure to expressly rule on that part of KBS's motion seeking summary judgment on its third cause of action in the KBS action seeking a declaration under Real Property Actions and Proceedings Law article 15
that KBS's mortgage has priority (see RPAPL 1501[1]; Howard v Murray, 38 NY2d 695, 699-700 [1976]). The court's order makes clear that it concluded that KBS's mortgage has priority, and nothing further is needed.
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020