OPINION OF THE COURT
Memorandum.
Order modified to reinstate the second cause of action, and otherwise affirmed, without costs.
On the first cause of action, the only issue that need be resolved is whether the notice of pendency was constructive notice to Travitsky of the mortgage foreclosure action. Angelo Sardo was properly made a party defendant in the foreclosure action, and the purchase of Sardo’s fee interest at the Sheriffs sale, which occurred after the filing of the notice of pendency, charged Travitsky with constructive notice of the foreclosure action, and he became bound by the foreclosure action to the same extent as if he had been made a party (CPLR 6501). Hence, so long as the foreclosure sale was properly conducted it extinguished Travitsky’s rights in the property.
*958 It cannot be said, however, on a motion directed to the sufficiency of the complaint, that plaintiffs second cause of action must fall, at least to the extent that it alleges a conspiratorial postponement of the foreclosure sale. The largely general allegations of conspiracy to discourage bidders by postponing the foreclosure sale would not withstand summary judgment unless evidentiary support is advanced, but, again, for purposes of a motion to dismiss based on insufficiency as a pleading, they do state a cause of action.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.