■ MIGUEL AVILA et al., Respondents, v ARSADA CORP., Also Known as ARSADA, LTD., et al., Defendants, and ROLAND ESHAGHOFF, Appellant. [826 NYS2d 322]—

In an action, inter alia, for specific performance of contracts for the sale of real property, the defendant Roland Eshaghoff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated February 10, 2005, as granted that branch of the plaintiffs' motion which was to preliminarily enjoin the defendants from leasing, renting, or otherwise encumbering certain properties during the pendency of the action.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the motion which was to preliminarily enjoin the defendants from leasing, renting, or otherwise encumbering certain properties during the pendency of the action is denied.

On January 10, 2001 the plaintiffs Miguel Avila and Amparo Avila entered into two contracts of sale to purchase residential properties from the defendant Arsada Corp., also known as Arsada, Ltd. (hereinafter Arsada). The plaintiffs did not record the contracts of sale. Subsequently, there was disagreement over some of the contract terms and the parties never closed on the subject properties. On September 11, 2003 Arsada conveyed the subject properties to the defendant Roland Eshaghoff. On September 26, 2003 Eshaghoff delivered the deeds to the New York City Department of Finance, Office of the City Register to be recorded. The deeds were formally recorded on December 3, 2003 and December 31, 2003, respectively. On October 13, 2003 the plaintiffs filed a notice of pendency on each of the subject

properties, and commenced this action seeking, inter alia, specific performance, of the contracts of sale. The Supreme Court granted leave to add Eshaghoff as a necessary defendant and the plaintiffs then moved to preliminarily enjoin Arsada and Eshaghoff from leasing, renting, or otherwise encumbering the properties during the pendency of the action. Although Eshaghoff opposed the motion, the Supreme Court granted the preliminary injunction, finding that the plaintiffs filed their notice of pendency before the date Eshaghoff's deeds were recorded and thus Eshaghoff failed to demonstrate that he was a good-faith purchaser without notice of the plaintiffs' interest in the subject property. We reverse.

When two or more prospective buyers contract for a certain property, pursuant to Real Property Law §§ 291 and 294, priority is given to the buyer whose conveyance or contract is first duly recorded (*see Varon v Annino*, 170 AD2d 445, 446 [1991]; *La Marche v Rosenblum*, 50 AD2d 636, 637 [1975]). Although New York is a race-notice state (*see* CPLR 6501; *Grid Realty Corp. v Winokur*, 43 NY2d 956 [1978]; *Goldstein v Gold*, 106 AD2d 100, 102 [1984]), "[h]aving failed to avail themselves of the protection of either Real Property Law §§ 291 or 294, the plaintiffs may not successfully contend that their filing of a notice of pendency serves as a substitute for the recording of a conveyance or a contract" (*Finkelman v Wood*, 203 AD2d 236, 238 [1994]). Moreover, the notice of pendency was not filed until after the deeds which conveyed the properties to Eshaghoff were delivered to the City Register's office for recording. Inasmuch as a deed is "considered recorded from the time of . . . delivery [for recording]" (Real Property Law § 317), the fact that the ministerial act of actually recording these deeds occurred after the filing of the notice of pendency does not negate Eshaghoff's status as a good-faith purchaser without notice or otherwise entitle the plaintiffs to specific performance of the contracts of sale.

Accordingly, the Supreme Court improvidently exercised its discretion in granting the preliminary injunction (*see Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348 [1998]; *see also Doe v Axelrod*, 73 NY2d 748, 750 [1988]). Inasmuch as the plaintiffs could not show that they would be entitled to specific performance, they failed to demonstrate a likelihood of ultimate success on the merits (*see Nalitt v City of New York*, 138 AD2d 580, 581 [1988]; *Barone v Frie*, 99 AD2d 129, 132 [1984]; *see also Finkelman v Wood, supra*; *Varon v Annino, supra*; *La Marche v Rosenblum, supra*).

The parties' remaining contentions either need not be reached

in light of our determination or are without merit. Santucci, J.P., Krausman, Mastro and Fisher, JJ., concur.