[867 NYS2d 416]

2386 Creston Avenue Realty, LLC, Appellant, v M-P-M Management Corp. et al., Defendants, and Pioneer Parking, LLC, Respondent. (And Another Action.)

First Department, November 18, 2008

---

## APPEARANCES OF COUNSEL

*Palmeri & Gaven*, New York City (*John J. Palmeri* of counsel), for appellant.

*Pollock & Maguire, LLP*, White Plains (*Lee A. Pollock* of counsel), for respondent.

## OPINION OF THE COURT

Acosta, J.

On or about August 16, 2004, plaintiff entered into a contract with defendant M-P-M Management whereby the latter agreed to sell to plaintiff the property at 2386 Creston Avenue in the Bronx. The closing, scheduled for November 1, 2004, did not go through because of outstanding violations. The contract called for M-P-M to clear those violations, subject to a cap, or to place money in escrow for that purpose. According to plaintiff's counsel, M-P-M refused to put any money in escrow, but agreed to adjourn the closing and clear the violations. Counsel for both sides then communicated over a period of several months regarding the violations. However, on February 14, 2005, M-P-M cancelled the contract.

Meanwhile, unbeknownst to plaintiff or its counsel, in January 2005, defendant Pioneer Parking, which was not aware of M-P-M's prior unrecorded contract with plaintiff, contracted to purchase the property from M-P-M. Pioneer and M-P-M closed on February 14, 2005. The following week, Pioneer's title agent allegedly delivered the deed to the City Registrar, where it was recorded on March 1, 2005.

On February 22, 2005, the same day that Pioneer's deed was allegedly delivered to the City Registrar, plaintiff filed a notice

of pendency against the property and commenced an action against M-P-M and its counsel for specific performance. In April 2005, the complaint was amended to add Pioneer as an additional defendant, alleging that it intentionally interfered with the prior contract and conspired with M-P-M to defraud plaintiff by causing a breach of that contract.

Pioneer moved, in August 2007, for summary judgment dismissing the complaint against it and vacating the notice of pendency. Supreme Court granted the motion, citing, among other things, the absence of any evidence in admissible form to suggest Pioneer had been aware of M-P-M's contract with plaintiff. Citing CPLR 6501* and *Goldstein v Gold* (106 AD2d 100 [1984], *affd in part* 66 NY2d 624 [1985]), plaintiff now argues on appeal that as a contract vendee seeking specific performance to purchase real property, its filing of a notice of pendency was the proper vehicle to protect its rights pending the outcome of the litigation, even if the filing did not, in and of itself, create an interest in the property. We disagree.

Real Property Law § 294 (3) provides that "[e]very executory contract for the sale . . . of real property not recorded . . . shall be void as against any person who subsequently purchases or . . . contracts to purchase . . . the same real property." A good faith purchaser whose deed is recorded, as was Pioneer's, thus takes precedence over a purchaser with an unrecorded contract of sale and no deed, such as plaintiff (*see La Marche v Rosenblum*, 50 AD2d 636 [1975]). "When two or more prospective buyers contract for a certain property, pursuant to Real Property Law §§ 291 and 294, priority is given to the buyer whose conveyance or contract is first duly recorded" (*Avila v Arsada Corp.*, 34 AD3d 609, 610 [2006]). "The filing of a notice of pendency does not substitute for the recording of the contract of sale or the conveyance" (11 Warren's Weed, New York Real

---

    \*    "A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property, except in a summary proceeding brought to recover the possession of real property. The pendency of such an action is constructive notice, from the time of filing of the notice only, to a purchaser from, or incumbrancer against, any defendant named in a notice of pendency indexed in a block index against a block in which property affected is situated or any defendant against whose name a notice of pendency is indexed. A person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as a party."

Property § 115.04 [5th ed]). Although New York is a "race-notice" state (*Avila*, 34 AD3d at 610), plaintiff's failure to avail itself of the protection of either section 291 or section 294 deprives it of the right to substitute a notice of pendency for the recording of a conveyance or a contract (*Finkelman v Wood*, 203 AD2d 236, 238 [1994]).

The purpose of the notice of pendency is "to afford constructive notice from the time of the filing so that any person who records a conveyance or encumbrance after that time becomes bound by all of the proceedings taken in the action" (*Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Sts. v Solow Bldg. Corp.*, 52 AD2d 533, 534 [1976]). It does not create rights that did not already exist (*Varon v Annino*, 170 AD2d 445 [1991]). Accordingly, as Supreme Court noted, CPLR 6501 is not in conflict with the recording statutes.

Furthermore, *Goldstein v Gold* (106 AD2d 100 [1984], *supra*) and its progeny do not support plaintiff's contention that its filing of the notice of pendency pursuant to CPLR 6501 was proper in allowing it to prove its right to the real estate in question. Plaintiff's argument is flawed for several reasons. First, since a notice of pendency does not serve to create rights, plaintiff could not obtain a superior right under the recording statutes over Pioneer, a good faith purchaser for value from the same vendor, who recorded a conveyance. It is only if plaintiff had an enforceable interest in the property superior to Pioneer's interest that Pioneer would be bound by the outcome of the litigation (*Varon v Annino*, 170 AD2d 445 [1991], *supra*). The filing of a notice of pendency does not substitute for the recording of the contract of sale or conveyance.

Second, *Goldstein* does not support plaintiff's claim. In that case, the plaintiff who filed the notice of pendency already had a recorded interest in the property, having recorded his mortgage, and the notice simply preserved an existing property right.

Other cases cited by plaintiff are similarly distinguishable because, like *Goldstein*, they involved a plaintiff who already had an established interest in the property, or a defendant who was not a good faith purchaser for value (*Novastar Mtge., Inc. v Mendoza*, 26 AD3d 479 [2006]; *Roth v Porush*, 281 AD2d 612 [2001]; *Green Point Sav. Bank v St. Hilaire*, 267 AD2d 203 [1999], *lv denied* 95 NY2d 778 [2000]; *Morrocoy Mar. v Altengarten*, 120 AD2d 500 [1986] [specific performance available because defendant was not a good faith purchaser for value]; *Stephens v Snitow*, 95 AD2d 806 [1983], *lv denied* 60 NY2d 557

[1983]; *United States v McCombs*, 30 F3d 310 [2d Cir 1994]; *In re 19 Ct, St. Assoc., LLC*, 190 BR 983 [SD NY 1996]; *Nitchie Barrett Realty Corp. v Biderman*, 704 F Supp 369 [SD NY 1988]).

In the case at bar, specific performance was an impossible remedy since M-P-M did not have title to the subject property at the time the action was commenced, and, under New York law as stated above, a contract vendee such as plaintiff does not, by virtue of the filing of a notice of pendency, create an interest in real property superior to a subsequent good faith purchaser from the same vendor who records a contract or conveyance.

Plaintiff's argument that summary judgment was improper because discovery was incomplete is unavailing. CPLR 3212 provides that a party is entitled to summary judgment when there are no material issues of fact to be tried. Knowledge of a prior contract is an essential element of intentional interference with contract (*Bogoni v Friedlander*, 197 AD2d 281 [1994], *lv denied* 84 NY2d 803 [1994]). Supreme Court properly found that there was no evidence that Pioneer had any knowledge of M-P-M's prior contract with plaintiff, and correctly dismissed plaintiff's intentional interference with contract claim and its fraudulent conspiracy claim against Pioneer. In fact, plaintiff's own principal testified at deposition that his basis for contending Pioneer had knowledge of plaintiff's prior contract was "just a guess" and he had no facts upon which to base his conclusion. He further testified that he also did not think Pioneer's principal was aware of the contract between plaintiff and M-P-M.

Plaintiff merely asserts that with more discovery—namely, the depositions of an officer of M-P-M, the real estate brokers and the title closer for both transactions—it will be able to overcome Pioneer's summary judgment motion. Plaintiff's bald assertion alone is insufficient to warrant reversal. A motion for summary judgment may not be defeated based on surmise or conjecture (*Shapiro v Health Ins. Plan of Greater N.Y.*, 7 NY2d 56, 64 [1959]). A plaintiff's claimed need for discovery unsupported by facts suggesting it might lead to relevant evidence, which amounts to "mere hope," is insufficient to forestall summary judgment (*see Moran v Regency Sav. Bank, F.S.B.*, 20 AD3d 305, 306 [2005]). Plaintiff has indeed offered no facts from which it could be inferred that the examinations sought will produce evidence that Pioneer had knowledge of the prior contract. Perhaps more telling, had plaintiff really expected val-

uable evidence from these examinations, it would not have unilaterally adjourned them over Pioneer's objection and never rescheduled them.

In sum, New York's "race-notice" statute protects good faith purchasers who record first. Pioneer took advantage of the statute and recorded, but plaintiff did not. While "[t]he status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (*Yen-Te Hsueh Chen v Geranium Dev. Corp.*, 243 AD2d 708, 709 [1997], *lv dismissed* 91 NY2d 921 [1998]), plaintiff has failed to demonstrate that Pioneer had knowledge of plaintiff's contract with M-P-M and thus was not a good faith purchaser.

Accordingly, the order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about February 21, 2008, which granted defendant Pioneer's motion for summary judgment dismissing the complaint against it and cancelled plaintiff's notice of pendency, should be affirmed, with costs. Appeals from the court's underlying memorandum decision and an order, same court and Justice, entered on or about April 3, 2008, which denied reargument, should be dismissed, without costs, as taken from nonappealable papers.

MAZZARELLI, J.P., ANDRIAS, SAXE and FRIEDMAN, JJ., concur.

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about February 21, 2008, affirmed, with costs. Appeals from the court's underlying memorandum decision and an order, same court, entered on or about April 3, 2008, dismissed, without costs, as taken from nonappealable papers.