In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated July 26, 2016, which granted the motion of the defendant Craig Bolender, in effect, for summary judgment dismissing the complaint insofar as asserted against him.
 

 Ordered that the order is affirmed, with costs.
 

 On August 5, 2014, the plaintiff entered into a contract to purchase a parcel of real property located at 139 Lefferts Place, Brooklyn, from the defendant Sahidan Melendez for a purchase price of $1,050,000. The plaintiff provided Melendez with a down payment. However, the plaintiff never recorded the contract of sale. Melendez subsequently entered into another contract of sale on November 11, 2014, to sell the subject property to the defendant Craig Bolender for a purchase price of $1,000,000. The deed to the subject property was delivered to Bolender on November 21, 2014, and was recorded in the Office of the City Register of New York on December 27, 2014.
 

 The plaintiff commenced this action against Melendez seeking specific performance of the contract or, in the alternative, money damages, by filing a summons, complaint, and notice of pendency on December 11, 2014. Bolender moved for, and was granted leave to, intervene in the action “as a defendant.” Thereafter, Bolender moved, in effect, for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion.
 

 To establish that he was a bona fide purchaser for value, Bolender had the burden of proving that he purchased the property for valuable consideration and that he did not purchase with “ ‘knowledge of facts that would lead a reasonably prudent purchaser to make inquiry’ ” (Berger v Polizzotto, 148 AD2d 651, 651-652 [1989], quoting Morrocoy Mar. v Altengarten, 120 AD2d 500 [1986]; see TCJS Corp. v Koff, 74 AD3d 1188, 1189 [2010]). “When two or more prospective buyers contract for a certain property, pursuant to Real Property Law §§291 and 294, priority is given to the buyer whose conveyance or contract is first duly recorded” (Avila v Arsada Corp., 34 AD3d 609, 610 [2006]; see 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp., 58 AD3d 158, 160 [2008]; Varon v Annino, 170 AD2d 445, 446 [1991]; La Marche v Rosenblum, 50 AD2d 636, 637 [1975]).
 

 Here, Bolender established, prima facie, his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. His submissions demonstrated that he was a bona fide purchaser for value, that he purchased the subject property for valuable consideration, without prior notice of the plaintiff’s alleged interest in the subject property, and without knowledge of facts that would lead a reasonably prudent purchaser to make such an inquiry. Bolender further demonstrated that the deed for the subject property was delivered to him on November 21, 2014, and recorded on December 27, 2014.
 

 In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff’s assertion, the proof that it filed a notice of pendency on December 11, 2014, failed to raise a triable issue of fact. Although New York has a so-called “race-notice” statutory scheme (see CPLR 6501; Real Property Law § 291; Goldstein v Gold, 106 AD2d 100, 101-102 [1984], affd 66 NY2d 624 [1985]), having failed to avail itself of the protection of either Real Property Law §§ 291 or 294, the plaintiff may not successfully contend that its filing of a notice of pendency serves as a substitute for the recording of a conveyance or a contract (see TCJS Corp. v Koff, 74 AD3d at 1189; 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp., 58 AD3d at 160; Avila v Arsada Corp., 34 AD3d at 610; Finkelman v Wood, 203 AD2d 236, 238 [1994]).
 

 Accordingly, the Supreme Court properly granted Bolender’s motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him.
 

 Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.