436 Franklin Realty, LLC v U.S. Bank N.A. (2020 NY Slip Op 06735)





436 Franklin Realty, LLC v U.S. Bank N.A.


2020 NY Slip Op 06735


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-10210
 (Index No. 510093/16)

[*1]436 Franklin Realty, LLC, appellant,
v
U.S. Bank National Association, etc., respondent.


Berg & David, PLLC, Brooklyn, NY (Megha Patel Kotecha and Abraham David of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated July 21, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On October 25, 2005, Wayne Lawrence executed a note in the sum of $640,000 in favor of Alliance Mortgage Banking Corp. (hereinafter Alliance). The note was secured by a mortgage on residential property located at 436 Franklin Avenue, Brooklyn (hereinafter the premises). At the same time, Lawrence executed a consolidation, extension, and modification agreement (hereinafter CEMA) pursuant to which he agreed to consolidate two previously executed notes, secured by two previously executed mortgages on the premises, into a single lien in the sum of $640,000. Lawrence allegedly defaulted on his obligations under the consolidated note and mortgage by failing to make the monthly payment due on May 1, 2008. By assignment of mortgage dated August 7, 2008, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Alliance, assigned the consolidated mortgage to LaSalle Bank National Association, as trustee for Morgan Stanley Loan Trust, 2006-1AR (hereinafter LaSalle).
On August 11, 2008, LaSalle commenced an action (hereinafter the foreclosure action) against Lawrence, among others, to foreclose the consolidated mortgage. By order dated July 9, 2013, the Supreme Court directed dismissal of the foreclosure action as abandoned pursuant to CPLR 3215(c). By order dated May 7, 2014, the court denied LaSalle's motion to restore the foreclosure action to the calendar without prejudice to renew.
By deed dated September 22, 2014, Lawrence conveyed the premises to the plaintiff, 436 Franklin Realty, LLC. On October 28, 2014, the plaintiff commenced the instant action against the defendant, U.S. Bank National Association, as successor trustee to Bank of America as successor by merger to LaSalle, to cancel and discharge of record the consolidated mortgage pursuant to RPAPL 1501(4). The defendant interposed an answer dated November 24, 2014. Thereafter, by [*2]order dated September 10, 2015, in the foreclosure action, the Supreme Court vacated the prior orders in that action, restored the action to the active calendar, and found that "the purchaser of the mortgaged premises" was on notice of LaSalle's recorded mortgage.
In May 2016, in the instant action, the defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion, arguing that the revival of the foreclosure action was not effective as against it because it was a good faith purchaser for value. By order dated July 21, 2017, the Supreme Court granted the defendant's motion. We affirm.
The defendant demonstrated, prima facie, its entitlement to summary judgment dismissing the complaint. "[T]he lien of a mortgage is extinguished upon the sale of the real property affected thereby unless the purchaser has knowledge, either actual or constructive, of the existence of the mortgage" (Baccari v De Santi, 70 AD2d 198, 201; see Real Property Law § 291; Wachovia Bank, N.A. v Swenton, 133 AD3d 846, 847). "The New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded" (Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709; see Emigrant Bank v Drimmer, 171 AD3d 1132, 1133). Here, the consolidated mortgage and the CEMA were recorded on December 6, 2005, prior to the recording on October 20, 2014, of the deed transferring the premises to the plaintiff.
In opposition, the plaintiff failed to raise a triable issue of fact. "'The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such'" (Gregg v M & T Bank Corp., 160 AD3d 936, 940, quoting Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d at 709). "If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (Fairmont Funding v Stefansky, 301 AD2d 562, 564; see Congregation Beth Medrosh of Monsey, Inc. v Rolling Acres Chestnut Ridge, LLC, 101 AD3d 797, 799).
Since the consolidated mortgage was recorded prior to the recording of the plaintiff's deed, the plaintiff had constructive notice of the mortgage when it purchased the premises and, therefore, was "chargeable with the duty to make further inquiry to determine whether the lien had been satisfied or released" (Fairmont Funding v Stefansky, 301 AD2d at 564). Further inquiry would have revealed that the mortgage had not been satisfied or released and that the foreclosure action was not finally concluded as the foreclosure plaintiff had been given leave to renew its application to restore the action to the calendar.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court