Bello v Ouellette (2022 NY Slip Op 07043)

Bello v Ouellette

2022 NY Slip Op 07043

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-00329
 (Index No. 244/11)

[*1]Kristian Bello, etc., respondent, 
v
Lionel Ouellette, et al., defendants, Vertex Investor, Inc., appellant.

Law Office of Keith S. Garret, P.C., Babylon, NY (Christopher David of counsel), for appellant.
Ellery Ireland, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff owns a one-fourth interest in certain real property, the defendant Vertex Investor, Inc., appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 10, 2019. The order denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it and declaring that it is the sole owner of the subject property, and to cancel a notice of pendency filed against the subject property.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant Vertex Investor, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it and declaring that it is the sole owner of the subject property, and to cancel a notice of pendency filed against the subject property is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making the appropriate declarations in accordance herewith.
In April 2001, the defendant Lionel Ouellette acquired title to certain real property in Brooklyn. In January 2011, the plaintiff commenced this action against, among others, Ouellette, seeking, inter alia, a judgment declaring that the plaintiff owns a one-fourth interest in the property. The plaintiff alleged that he and another individual contributed funds toward Ouellette's purchase of the property, and agreed that although Ouellette would be the sole owner of record, the plaintiff and another individual would each own a one-third beneficial interest in the property. The plaintiff further alleged that an agreement was subsequently reached with an additional individual for the plaintiff and the other parties to the agreement to each hold a one-fourth interest in the property. On March 28, 2008, the plaintiff, Ouellette, and the two other alleged one-fourth owners of the property entered into a written agreement memorializing their arrangement (hereinafter the 2008 agreement).
On June 7, 2017, the defendant Vertex Investor, Inc. (hereinafter Vertex), closed on a purchase of the property from Ouellette, who allegedly did not disclose to Vertex the arrangement for the plaintiff to hold a one-fourth interest in the property. Following the closing, Mariam Shaik, the sole member of Vertex, allegedly visited the property and met the plaintiff, who was residing at the property, and Shaik provided the plaintiff with a copy of her deed to the property. On June 20, 2017, the plaintiff filed a notice of pendency against the property. On July 10, 2017, Vertex recorded [*2]its deed to the property.
In June 2018, the plaintiff amended the complaint in this action to add Vertex as a defendant. Thereafter, Vertex moved for summary judgment dismissing the amended complaint insofar as asserted against it and declaring that it is the sole owner of the subject property, and to cancel the notice of pendency filed by the plaintiff. In an order dated September 10, 2019, the Supreme Court denied Vertex's motion. Vertex appeals.
"The New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded" (436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d 960, 961 [internal quotation marks omitted]; see Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 16-17). Thus, "New York has a so-called 'race-notice' statutory scheme" (139 Lefferts, LLC v Melendez, 156 AD3d 666, 667, citing CPLR 6501; see Real Property Law § 291; Goldstein v Gold, 106 AD2d 100, 101-102, affd 66 NY2d 624). However, "[t]he status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d at 962 [internal quotation marks omitted]). "If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (id. [internal quotation marks omitted]). Therefore, to establish itself as a bona fide purchaser for value, a party has the burden of proving that it purchased the property for valuable consideration and did not have "knowledge of facts that would lead a reasonably prudent purchaser to make inquiry" (TCJS Corp. v Koff, 74 AD3d 1188, 1189 [internal quotation marks omitted]; see Irwin v Regal 22 Corp., 175 AD3d 671, 672; Berger v Polizzotto, 148 AD2d 651, 651-652).
Here, Vertex established, prima facie, that it purchased the subject property for valuable consideration, without actual or constructive notice of the plaintiff's alleged interest (see 139 Lefferts, LLC v Melendez, 156 AD3d at 667). Contrary to the plaintiff's contention, his filing of a notice of pendency against the property before Vertex filed its deed did not negate Vertex's status as a good-faith purchaser (see Avila v Arsada Corp., 34 AD3d 609, 610). "[H]aving failed to avail itself of the protection of either Real Property Law §§ 291 or 294, the plaintiff may not successfully contend that its filing of a notice of pendency serves as a substitute for the recording of a conveyance or a contract" (139 Lefferts, LLC v Melendez, 156 AD3d at 667; see Berger v Polizzotto, 148 AD2d at 652). Vertex also established, prima facie, that the plaintiff's occupancy at the property "was not inconsistent with the title of the apparent owner of record," and thus, did not defeat Vertex's status as a good-faith purchaser (Bohensky v 3912 NU Rainspring, LLC, 148 AD3d 666, 668; see Lucas v J & W Realty & Constr. Mgt., Inc., 97 AD3d 642, 643; cf. Mortgage Elec. Registration Sys., Inc. v Pagan, 119 AD3d 749, 753). In addition, Vertex established, prima facie, that the 2008 agreement did not negate its status as a good-faith purchaser, as that agreement was insufficient to satisfy the statute of frauds (see General Obligations Law § 5-703; Cohen v Holder, 204 AD3d 973, 975; Piller v Marsam Realty 13th Ave., LLC, 136 AD3d 773, 773-774; Donner v Septimus, 137 AD2d 484, 485). In opposition to Vertex's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach Vertex's remaining contentions.
Accordingly, the Supreme Court should have granted Vertex's motion for summary judgment dismissing the complaint insofar as asserted against it and declaring that it is the sole owner of the subject property, and to cancel the notice of pendency.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Vertex is the sole owner of the property and that neither the plaintiff nor Ouellette own a one-fourth interest in the property (see Lanza v Wagner, 11 NY2d 317, 334).
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court