22-2793-cv
*21647 LLC v. Deutsche Bank*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-three.

PRESENT:      JOSÉ A. CABRANES,
                 ROBERT D. SACK,
                 SARAH A. L. MERRIAM,
                    *Circuit Judges*.

_____

21647 LLC,

      *Plaintiff-Appellant*,

      v.                                                              No. 22-2793-cv

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE FOR
NEW CENTURY HOME EQUITY LOAN
TRUST 2005-3,

      *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:    CHRISTOPHER A. GORMAN, Abrams Fensterman, LLP, Lake Success, NY.


FOR DEFENDANT-APPELLEE:    JAMES P. TRUITT III (Amy E. Abbandondelo, *on the brief*), Sherwood & Truitt Law Group, LLC, Garden City, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant 21647 LLC ("21647") appeals from the September 30, 2022, judgment of the District Court denying its motion for summary judgment and granting the cross-motion for summary judgment filed by defendant-appellee Deutsche Bank National Trust Company ("Deutsche"). See 21647 LLC v. Deutsche Nat'l Tr. Co. as Tr. for New Century Home Equity Loan Tr. 2005-3, 632 F. Supp. 3d 270, 274 (S.D.N.Y. 2022). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision.

This case is about a mortgage (the "Mortgage") executed in 2005 by two non-parties: the borrower, Hubert Pototschnig, and the lender, New Century Mortgage Corporation ("New Century"). The Mortgage inexplicably refers to two units in the same residential building: Unit 49D, which Pototschnig owned, and Unit 23B, which he did not. First American, a title insurance company acting on behalf of New Century, initially recorded the Mortgage against Unit 23B, but four months later an agent of First American

2

recorded a corrected version of the Mortgage against Unit 49D, along with a notarized affidavit explaining the error. See App'x at 145. In 2007, New Century filed for Chapter 11 bankruptcy.

In 2009, Pototschnig defaulted on the Mortgage, and Deutsche, asserting that it was the assignee of the Mortgage and the related note from New Century,[1] attempted to foreclose on Unit 49D. The state court dismissed Deutsche's action for lack of standing. See id. at 233. In 2009, the Board of Managers of Central Park Place Condominium (the "Board") also sought to foreclose on its common charge lien against Unit 49D (the "Board Action"). In June 2019, Deutsche commenced a second foreclosure action and filed a Notice of Pendency in the records for Unit 49D. See id. at 242-49, 368-73.

In 2020, 21647 bought Unit 49D for $25,000 at a public auction held pursuant to the judgment issued in the Board Action. See id. at 147

In 2022, the state court dismissed Deutsche's second foreclosure complaint, again finding that Deutsche had failed to establish standing (the "2022 Order"). See id. at 771-74.

I.    DISCUSSION

21647 brought this action in the District Court seeking to quiet title to Unit 49D, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 15.[2]

---

[1] As the District Court noted, we need not determine whether or how Deutsche obtained the Mortgage and note. Deutsche does not seek to foreclose on Unit 49D in this action. See 21647 LLC, 632 F. Supp. 3d at 285 n.23.

[2] The District Court rejected 21647's arguments that Deutsche's failure to take action prior to the auction nullified the Mortgage, or resulted in Deutsche being time-barred

3

Deutsche asserted its own claim under RPAPL §1517, seeking a declaratory judgment that the Mortgage is a valid, first-priority lien against Unit 49D. The District Court denied 21647's motion for summary judgment, granted Deutsche's cross-motion, and declared the Mortgage a valid, first-priority lien against Unit 49D. See 21647 LLC, 632 F. Supp. 3d at 294. 21647 appeals that decision.

"We review a district court's grant of summary judgment de novo." Phoenix Light SF Ltd. v. Bank of New York Mellon, 66 F.4th 365, 369 (2d Cir. 2023).

A.    Preclusion

21647 argues that the 2022 Order dismissing Deutsche's second foreclosure action for lack of standing reflected its conclusion that the Mortgage was "canceled and deemed null and void," by New Century's bankruptcy, precluding any finding that the Mortgage "continues to exist as an encumbrance." Appellant's Br. at 65, 68.

"We apply . . . New York law in determining the preclusive effect of a New York State court judgment." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002) (citation omitted). Under New York law, "[t]he preclusive effect of a judgment is determined by two related but distinct concepts – issue preclusion and claim preclusion." Paramount Pictures Corp. v. Allianz Risk Transfer AG, 31 N.Y.3d 64, 72 (N.Y. 2018). "Under New York law, collateral estoppel," or issue preclusion, "bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive

from claiming any interest in Unit 49D. See 21647 LLC, 632 F. Supp. 3d at 283-86. Because 21647 does not raise these arguments on appeal, we do not consider them. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." Plymouth Venture Partners, II, L.P. v. GTR Source, LLC, 988 F.3d 634, 642 (2d Cir. 2021) (citation and quotation marks omitted); see also Evans v. Ottimo, 469 F.3d 278, 281 (2d Cir. 2006).

The 2022 Order dismissed Deutsche's foreclosure action for one reason: lack of standing. See App'x at 773-74. New York courts generally decline to apply issue preclusion to an earlier finding that a party lacked standing to foreclose because such a finding turns entirely on the circumstances when the foreclosure action was filed. See U.S. Bank Nat'l Ass'n v. Friedman, 109 N.Y.S.3d 88, 90 (N.Y. App. Div. 2019). The state court's speculation that the Mortgage was "seemingly implicated" in New Century's bankruptcy, and "cancelled" by it, App'x at 773, was not necessary to determine standing, and is not entitled to preclusive effect. See Pollicino v. Roemer & Featherstonhaugh, P.C., 716 N.Y.S.2d 416, 417 (N.Y. App. Div. 2000) ("Language that is not necessary to resolve an issue . . . constitutes dicta and should not be accorded preclusive effect."); see also Sherb v. Monticello Cent. Sch. Dist., 81 N.Y.S.3d 265, 267 (N.Y. App. Div. 2018) ("[D]icta . . . is not entitled to preclusive effect." (citation and quotation marks omitted)). The 2022 Order also does not have preclusive effect under the doctrine of claim preclusion, because Deutsche's prior foreclosure claim is plainly distinct from Deutsche's instant claim for a declaratory judgment. See Marvel Characters, Inc., 310 F.3d at 287.

B.     The Mortgage Encumbers Unit 49D

New York Real Property Law ("RPL") "§240(3) provides that an instrument 'creating, transferring, assigning or surrendering an . . . interest in real property' must be

5

construed 'according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law.'" JPMorgan Chase Bank, Nat'l Ass'n v. Zhan Hua Cao, 76 N.Y.S.3d 82, 84 (N.Y. App. Div. 2018).[3] "Where the language used in a mortgage is ambiguous such that it is susceptible of more than one interpretation, the courts will look beyond the written instrument to the surrounding circumstances" to determine the intent of the contracting parties. Id. (citation and quotation marks omitted); see also Int'l Salt Co. v. Geostow, 878 F.2d 570, 573 (2d Cir. 1989) ("Where the language of the conveyance is unclear, the court should look to the surrounding circumstances and situation of the original parties to the conveyance.").

The Mortgage is ambiguous because it purports to encumber two different properties. See Zhan Hua Cao, 76 N.Y.S.3d at 84 (A "mortgage [i]s ambiguous on its face" if it includes references to multiple lots. (citation and quotation marks omitted)). The Mortgage includes multiple references to Unit 23B. See App'x at 78, 80-83. But the Mortgage's signature page includes the block lot number for Unit 49D, see id. at 97, and all four riders, which are attached to and part of the Mortgage, similarly identify the relevant property "located at" Unit 49D. Id. at 98, 101, 102.

The presence of ambiguity in a mortgage does not render it void. Rather, New York courts attempt to resolve any ambiguity by looking to extrinsic evidence to determine the

---

[3] Contrary to 21647's assertion, courts do apply RPL §240(3) to interpret mortgages affecting subsequent purchasers or assignees of the property. See, e.g., Zhan Hua Cao, 76 N.Y.S.3d at 84; BPGS Land Holdings, LLC v. Flower, 155 N.Y.S.3d 666, 668 (N.Y. App. Div. 2021); Adam Plotch LLC v. World Sav. Bank, FSB, No. 15CV06142(FB), 2018 WL 327247, at *5 (E.D.N.Y. Jan. 8, 2018).

intent of the contracting parties. See Zhan Hua Cao, 76 N.Y.S.3d at 84; see also, e.g., Surrey Strathmore Corp. v. Dollar Sav. Bank of N. Y., 36 N.Y.2d 173, 176 (N.Y. 1975) (The interpretation of a mortgage depends on "the words they used in their written agreement, with parol evidence admissible to clarify ambiguities."); Duffy v. Hobaica, 566 N.Y.S.2d 175, 176 (N.Y. App. Div. 1991) (resolving ambiguity in a mortgage's use of the term "lot" with reference to extrinsic evidence).

We agree with the District Court that the extrinsic evidence "leaves no reasonable doubt that the parties meant for the Mortgage to encumber the Unit 49D." 21647 LLC, 632 F. Supp. 3d at 292. Pototschnig's application for the Mortgage expressly (and exclusively) refers to Unit 49D as the property to be encumbered. See App'x at 533-37. Pototschnig also signed or initialed eighteen additional documents related to the Mortgage, each of which identifies only Unit 49D.[4]

The extrinsic evidence also shows that Pototschnig never owned, and could not have encumbered, Unit 23B. The Appellate Division of the New York state trial courts has considered the effect of conveyance by a deed that was "ambiguous on its face" "because it refer[red] to one lot, but contain[ed] a metes and bounds description for seven lots." In re New Creek Bluebelt, Phase 4., 917 N.Y.S.2d 203, 206 (N.Y. App. Div. 2010). The "surrounding circumstances" made clear that the grantor owned only the one lot referred to in the deed. Reasoning that "[a] grantor cannot convey . . . property which he or she does

---

[4] These include the Truth in Lending disclosure statement, see id. at 543, the HUD-1 settlement form, see id. at 545-46, escrow account documents, see id. at 555-56, and other similar documents, see id. at 557-76.

not possess," the court determined that the grantor intended to convey only that lot, "despite the incorrect metes and bounds description." Id. at 206-07. Here, there is no evidence that Pototschnig ever owned Unit 23B. As in New Creek Bluebelt, the "surrounding circumstances" demonstrate Pototschnig's intent to encumber the only unit he "possess[ed]" – Unit 49D. Id. at 206.[5]

21647 argues that the Mortgage nevertheless does not create a lien on Unit 49D, because the corrected mortgage was not validly recorded. 21647 contends that First American's recording was deficient because there is not "any document (or even an allegation) reflecting that the non-party had any authority to record the purported Correct[ed] Mortgage on anyone's behalf." Appellant's Br. at 50. But both Pototschnig and New Century manifestly authorized this type of error correction. Pototschnig entered into an "Error and Omissions / Compliance Agreement" with New Century, App'x at 578, and New Century authorized First American to "do any . . . act" it found "necessary or desirable to establish . . . the lien of the insured mortgage." Id. at 582.

C.     21647 is not a Good Faith Purchaser

Finally, 21647 argues that it is entitled to the protections of Real Property Law §291, which "protects a good faith purchaser for value from an unrecorded interest in a property,

---

[5] To the extent 21647 argues that the District Court's interpretation of the Mortgage by reference to extrinsic evidence was a sua sponte "reformation" of the Mortgage, we disagree. It is well established that where an instrument conveying real property is ambiguous on its face, courts may "as a matter of interpretation carry out the intention of a contract by transposing, rejecting, or supplying words to make the meaning of the contract more clear." Wallace v. 600 Partners Co., 86 N.Y.2d 543, 547 (N.Y. 1995) (emphasis added).

provided such a purchaser's interest is first to be duly recorded." Bello v. Ouellette, 181 N.Y.S.3d 577, 579 (N.Y. App. Div. 2022) (citations and quotation marks omitted). "The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such." 436 Franklin Realty, LLC v. U.S. Bank Nat'l Ass'n, 137 N.Y.S.3d 88, 90 (N.Y. App. Div. 2020) (citation and quotation marks omitted); see also Gletzer v. Harris, 12 N.Y.3d 468, 473 (N.Y. 2009) ("The statute was enacted to protect purchasers with an interest in real property without record notice of prior encumbrances and to create a public record to meet this end."). Under New York law, a subsequent purchaser is put "on notice" of an interest by a Notice of Pendency. Herman v. Herman, No. 19CV03662(JMF), 2020 WL 2086193, at *4 (S.D.N.Y. Apr. 30, 2020); see also Foster v. Piasecki, 686 N.Y.S.2d 184, 186 (N.Y. App. Div. 1999) ("[A] notice of pendency . . . would have given constructive notice of" a pre-existing "claim to the property."). 21647 is therefore not a good faith purchaser, because it purchased Unit 49D subject to the Notice of Pendency that Deutsche filed in connection with the second foreclosure action in 2019, well in advance of the public auction.

9

\* \* \*

We have considered 21647's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court