798 Herkimer LLC. v Johnson (2025 NY Slip Op 51641(U))

[*1]

798 Herkimer LLC. v Johnson

2025 NY Slip Op 51641(U)

Decided on October 15, 2025

Civil Court Of The City Of New York, Kings County

Cohen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 15, 2025
Civil Court of the City of New York, Kings County

798 Herkimer LLC., Petitioner

against
Erica C. Johnson, Respondent, John Doe, Jane Doe Respondent-Undertenant(s)

Index No. LT 50981-22

Hannah Cohen, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of petitioner's motion seeking summary judgment and respondent's opposition and ensuing reply.
Papers Numbered
Notice of Motion 1
Opposition 2
Reply 3 
Upon the foregoing cited papers, the Decision and Order on this Motion is as follows:
Petitioner's predecessor in interest commenced this holdover proceeding, entitled Johnson v Johnson in 2022 alleging an oral lease with a payment of rent of $830 monthly that was terminated pursuant to a ninety day notice of termination. The premises is not subject to any regulation as it is located in a two family house.
Respondent, who is the daughter of the predecessor in interest appeared with counsel and filed a motion to dismiss, alleging acceptance of rent after the termination notice. Said motion was withdrawn in April and an answer was filed. Petitioner then filed a motion substitute the new owner 798 Herkimer LLC., instead of Vernay Johnson in 2023 as the house was sold, which was adjourned as their was a pending constructive trust case in Supreme Court between respondent and Vernay Johnson, her mother. Subsequently, by stipulation, petitioner herein was substituted in and respondent filed an amended answer which asserted the following affirmative [*2]defenses: (1) failure to join all parties; (2) acceptance of rent after termination notice/waiver; (3) 90 day termination notice not served per Landaverde decision (4) failure to state a cause of action as the termination notice is vague;(5) termination notice not issued per RPL 731 and CPLR 403(a); (6) respondent has a right of ownership and a right to remain indefinitely; (7) termination notice is vague and confusing and dismissal is warranted as there is another action pending and (8) seeks dismissal and or a stay.
Petitioner now by motion seeks summary judgment per CPLR 3212. In support petitioner submits an affidavit in support by petitioner, notice of petition and petition, amended answer and notice of appearance, deed and mortgage for the premises, transcript of the proposed order from Supreme Court lifting the stay on this proceeding, prior decision from the Supreme Court action dated September 19, 2024, Notice of Petition and Petition with clerk stamp and prior opposition by Vernay Johnson. Petitioner argues that the stay has been lifted in the constructive trust case and that there are no issues of fact in the context of this case, and as such petitioner is entitled to summary judgment and a judgment of possession. Petitioner seeks dismissal of respondent's affirmative defenses as no longer relevant or lacking merit or proof. Petitioner further argues that it is a good faith purchaser and as such took title free of any constructive trust and notes no notice of pendency had been filed on the property. Petitioner argues that per the Supreme Court case, respondent was to pay use and occupancy to petitioner of $2,000 per month and said sums have not all been paid.
Respondent opposes and argues that there are issues of fact and that respondent is entitled to assert her defenses at trial. Respondent argues that petitioner has failed to name her adult son who resides at the premises, that petitioner failed to provide sufficient additional days for mailing per Landaverde case and that respondent was never a tenant of the petitioner, but rather a licensee, so therefore the original notice is defective and or vague. Respondent also claims the notice of petition served upon her was defective as it was blank and lacked court time and date.
In reply petitioner notes the holding in Landaverde does not apply to termination notices, only notices to cure, that petitioner is a good faith purchaser and took possession of the premises free of any constructive trust. Petitioner again notes that respondent failed to file a notice of pendency on the premises before it was sold by the previous owner, respondent's mother. Petitioner notes that there is no affidavit from the son or proof that he resides at the premises. Petitioner also attaches a copy of the notice of petition which has the court stamp. Petitioner argues that as there are no issues of fact, petitioner is entitled to summary judgment.
Summary judgment will be granted "if upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]). The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Zuckerman v City of New York, 49 NY2d 557 [1980]). In considering a summary judgment motion, the courts function is to determine whether a material issue of fact exists, not to determine said issues (Esteve v Abad, 271 AD 725 [1st Dept 1947]). Summary judgement should be granted when the moving party makes a prima facie showing of entitlement to judgment as a mate of law, giving sufficient evidence to eliminate any material issues of fact from the case. See (Winegrad v New York University Medical Center, 64 NY2d 851 [1985]).
Court have ruled that The New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded" (436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d 960, 961 [2020] [internal quotation marks omitted]; see Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 16-17 [1979]). Thus, "New York has a so-called 'race-notice' statutory scheme" (139 Lefferts, LLC v Melendez, 156 AD3d 666, 667 [2017], citing CPLR 6501; see Real Property Law § 291; Goldstein v Gold, 106 AD2d 100, 101-102 [1984], affd 66 NY2d 624 [1985]). However, "[t]he status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d at 962 [internal quotation marks omitted]). "If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (id. [internal quotation marks omitted]). Therefore, to establish itself as a bona fide purchaser for value, a party has the burden of proving that it purchased the property for valuable consideration and did not have "knowledge of facts that would lead a reasonably prudent purchaser to make inquiry" (TCJS Corp. v Koff, 74 AD3d 1188, 1189 [2010] [internal quotation marks omitted]; see Irwin v Regal 22 Corp., 175 AD3d 671, 672 [2019]; Berger v Polizzotto, 148 AD2d 651, 651-652 [1989]); Bello v. Ouellette, 211 AD3d 784, 785, 181 N.Y.S.3d 577 (2022).
Real Property Law § 266 protects the title of a bona fide purchaser for value who lacked knowledge of an alleged fraud (Irwin v. Regal 22 Corp., 175 AD3d 671, 671-672 [2d Dept 2019]). "A bona fide purchaser for value has been described as one which* purchased property for valuable consideration and with no knowledge of an alleged prior fraud by the seller" (id.; quoting Emerson Hills Realty v. Mirabella, 220 AD2d 717 [2d Dept 1995]). "However, the status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a * reasonably prudent purchaser to make inquiries concerning such" (Bello v. Ouellette, 211 AD3d 784, 785 [2d Dept 2022] [internal citations omitted]). "If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (id.). "Therefore, to establish itself as a bona fide purchaser for value, a party has the burden of proving that it purchased the property for valuable consideration and did not have knowledge of facts that would lead a reasonably prudent purchaser to make inquiry" (id.); Baker v. Beckford, No. 501985 /2019, 2023 WL 3635841, at *2 (NY Sup. Ct. Apr. 25, 2023).A bona fide purchaser of property upon which a constructive trust would otherwise be imposed takes free of the constructive trust, but a gratuitous donee, however innocent, does not (Simonds v Simonds, 45 NY2d 233, 242); Istel v. Istel, 258 AD2d 506, 507, 684 N.Y.S.2d 620 (1999).
Petitioner seeks to dismiss respondents defenses. Court have held that Courts have held on a motion to strike pursuant to CPLR 3211(b) when moving to dismiss or strike an affirmative defense as merit less, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law. McKinney's CPLR 3211(b); Mazzei v. Kyriacou, 98 AD3d 1088, 951 N.Y.S.2d 557 (2012);"A party may move for judgment dismissing one or more [*3]defenses, on the ground that a defense is not stated or has no merit" (CPLR 3211[b]; see Galasso, Langione & Botter, LLP v. Liotti, 81 AD3d 880, 882, 917 N.Y.S.2d 664). "[W]hen moving to dismiss or strike an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is 'without merit as a matter of law' " (Greco v. Christoffersen, 70 AD3d 769, 771, 896 N.Y.S.2d 363, quoting Vita v. New York Waste Servs., LLC, 34 AD3d 559, 559, 824 N.Y.S.2d 177). "In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference" (Fireman's Fund Ins. Co. v. Farrell, 57 AD3d 721, 723, 869 N.Y.S.2d 597); Mazzei v. Kyriacou, 98 AD3d 1088, 1088—89, 951 N.Y.S.2d 557, 559 (2012); Greco v. Christoffersen, 70 AD3d 769, 771, 896 N.Y.S.2d 363, 366 (2010).
The court will address each respondent's affirmative defenses separately.
Respondent's first affirmative defense is failure to join all parties, respondent asserts her adult son resides at the premises. However respondent has failed to offer an affidavit from her son or any proof of his residency at the time the case was commences, as such the first affirmative defense is dismissed. Respondent concedes the second affirmative defense is moot. Respodnent's third affirmative defense termination notice not served per Landaverde decision is dismissed as it lacks any legal merit as the Landaverde decision does not apply to termination notices. Respondent's 4th affirmative defense failure to state a cause of action is dismissed as lacking merit. Respondent's fifth affirmative defense that the termination notice was not issues per RPAPL 731 and CPLR 403(a) lacks merit and is dismissed. The court notes the clerk stamped the petition and notice of petition and although the time slot was left blank by the court, respondent's counsel appeared and no prejudice can be inferred by the lack of a court time. Respondent's 6th affirmative defense, right of ownership is dismissed as respondent has failed to refuse petitioner's deed or that he was a bona fide purchaser for value. Respondent's 7th affirmative defense vague termination notice or other action pending is dismissed as the stay has been lifted by Supreme Court and the court dismisses respondent's 8th affirmative defense seeking a stay as no such motion has been made.
In opposition to petitioner's prima facie showing of entitlement to judgment as a matter of law, the respondent has failed to raise a triable issue of fact. Respondent's mere contention that the former petitioner sold the house without her knowledge, does not negate the new owner's status as a bona fide purchaser. Nothing in respondent's opposition eludes to petitioner's current status as a bona fide purchaser. As noted in the transcript in the Supreme Court matter, respondent may still proceed with her constructive trust issue, which may have monetary consequences for the former petitioner/owner, however said claims have nothing to do with possession.
Here, in response to petitioner's motion for summary judgment, respondent merely re iterates that she has defenses. However, respondent has failed to prove that there are issues of fact requiring a trial. Petitioner per the Supreme Court action is the current deed holder and took the premises as such, regardless of the constructive trust that was pending. Respondent in response to summary judgment failed to rebut that petitioner is a bona fide purchase with a valid deed and mortgage.
Petitioner's motion for summary judgment is granted. Petitioner is awarded a final [*4]judgment of possession, issuance of warrant forthwith, execution stayed 10 days. EED 10/27/25.
This constitutes the decision and order of this court.
Dated: October 15, 2025
Brooklyn, New York
Hon. Hannah Cohen, J.H.C.