Impact Equities 2016, LLC v Johnson (2026 NY Slip Op 00355)

Impact Equities 2016, LLC v Johnson

2026 NY Slip Op 00355

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-04857
 (Index No. 523634/18)

[*1]Impact Equities 2016, LLC, appellant, 
vTrenia Johnson, etc., et al., defendants, Dalton Development, LLC, intervenor-respondent.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens, NY (Matthew J. Routh and Dustin Bowman of counsel), for intervenor-respondent.

DECISION & ORDER
In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Kerry J. Ward, J.), dated March 15, 2024. The judgment, upon an order of the same court dated February 22, 2024, granting the motion of the intervenor, Dalton Development, LLC, for summary judgment dismissing the complaint and to cancel a notice of pendency, is in favor of the defendants and the intervenor and against the plaintiff dismissing the complaint and canceling the notice of pendency.
ORDERED that the judgment is affirmed, with costs.
In a contract dated May 29, 2014 (hereinafter the 2014 contract), the defendant Trenia Johnson agreed to sell certain real property located in Brooklyn to the intervenor, Dalton Development, LLC (hereinafter Dalton). The 2014 contract was recorded in the Office of the City Register of the City of New York on June 10, 2014.
In November 2018, the plaintiff commenced this action against Johnson and the defendant Marcus Garvey 346 Blvd, LLC, and filed a notice of pendency. The plaintiff sought specific performance of a contract dated March 29, 2017 (hereinafter the 2017 contract), in which Johnson agreed to sell the property to the plaintiff. Dalton intervened in the action and interposed an answer.
Dalton moved for summary judgment dismissing the complaint and to cancel the notice of pendency. In support of the motion, Dalton submitted, inter alia, the 2014 contract, along with the recording sheet, and a deed dated August 25, 2022, in which Johnson conveyed the property to Dalton. The deed was recorded on March 3, 2023.
In opposition, the plaintiff submitted, among other things, an affidavit of its managing member, Joseph Leno, who stated that "[o]n or about March 29, 2017, [Johnson] entered into a written contract of sale . . . with [the] Plaintiff to sell the Property." Leno also stated that "the short sale was ready to be approved, but for [Johnson's] non-cooperation after finding another buyer for [*2]the Property" and that the plaintiff "remains ready, willing, and able to close on the Property."
In an order dated February 22, 2024, the Supreme Court granted Dalton's motion. In a judgment dated March 15, 2024, the court, upon the order, dismissed the complaint and canceled the notice of pendency. The plaintiff appeals.
"The New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded" (436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d 960, 961 [internal quotation marks omitted]). "When two or more prospective buyers contract for a certain property, pursuant to Real Property Law §§ 291 and 294, priority is given to the buyer whose conveyance or contract is first duly recorded" (Avila v Arsada Corp., 34 AD3d 609, 610).
Here, Dalton established, prima facie, that it contracted to buy the property in 2014 and that it recorded the 2014 contract on June 10, 2014. In opposition, the plaintiff failed to submit any evidence that it had recorded the 2017 contract. Having failed to avail itself of the protection of either Real Property Law § 291 or § 294, the plaintiff may not successfully contend that its filing of a notice of pendency serves as a substitute for the recording of a conveyance or a contract (see Bello v Ouellette, 211 AD3d 784, 786; 139 Lefferts, LLC v Melendez, 156 AD3d 666, 667; Avila v Arsada Corp., 34 AD3d at 610). The plaintiff's remaining contention, that the 2017 contract should receive priority because the 2014 contract expired pursuant to Real Property Law § 294(5), is without merit.
Accordingly, the Supreme Court properly granted Dalton's motion for summary judgment dismissing the complaint and to cancel the notice of pendency.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court